## Case No. 6,272.

### HAYTON v. WILKINSON.

[Brunner, Col. Cas. 247;[1] 1 Hall, Law J. 260.]

Circuit Court, D. Maryland. June, 1808.

DISCHARGE IN INSOLVENCY — RIGHTS OF BAIL UNDER—CERTIFICATE OF DISCHARGE IN INSOLVENCY—EFFECT OF.

1. Bail is not, by virtue of a discharge of the principal under a state insolvent law, entitled

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

to have an exoneretur entered on the bail-piece; the discharge must be brought before the court by plea.

[Distinguished in Read v. Chapman, Case No. 11,605.]

2. A certificate of discharge in insolvency is not conclusive evidence that the discharge was duly obtained.

This was a motion for a rule to show cause why an exoneretur should not be entered upon the bail-piece. The defendant [James J. Wilkinson] had been discharged under the insolvent law of this state, enacted November, 1805, by the court of Calvert county, in May, 1808. The present action was instituted in the year 1806 by the plaintiff [Amos Hayton], a British subject, and residing in England. He was not returned by the defendant as a creditor. It did not appear that he had received any notice of the defendant's intended application for the benefit of the insolvent law, nor that he had any agent or attorney in this country. The debt was contracted in England.

The district attorney, Mr. Stephens, by whom this motion was made, contended,—

1. That a certificate of discharge under the insolvent law of Maryland will operate to bar an action instituted by a British creditor, in the courts of justice of this country, to recover a debt contracted in England; and

2. That a rule to show cause why an exoneretur should not be entered upon the bail-piece is a proceeding uniformly adopted in England, and still more strongly supported by the insolvent law of Maryland. As our insolvent laws do not require the assent of foreign creditors, not residing within the United States, nor having agents duly authorized to act for them, he said it was evidently the intention of the legislature that a discharge, which was regularly obtained, should extend to such claims, otherwise the law would operate with peculiar hardship upon the unfortunate debtor. By compelling him to assign all his effects to a trustee, for the use of his creditors, the law deprives him of the means of satisfying the claim. The law has promised him relief against his creditors, but what relief does he enjoy, if his discharge do not operate as a bar to this action? All the former cases on this subject are, as to the effect of a discharge, obtained in one country on an action instituted in another where the debt was contracted. They, therefore, do not decide this point. Here the court is to decide upon the effect of a discharge obtained under the laws of its own state. The question is, whether our own laws or those of England are to be pre-eminent. Lord Kenyon, actuated by a principle which might at least be called contracted and narrow, has decided that a discharge under our insolvent law of 1787 does not bar suit, commenced in Great Britain by a subject of that country, on a cause of action accruing there. Smith v. Buchanan, 1 East, 6. So too in New York a similar adjudication has been made. Van

Raugh v. Van Arsdaln, 3 Caines, 154. But in Pennsylvania a debtor who had been discharged by our laws was protected by an exoneretur. Miller v. Hall, 1 Dall. [1 U. S.] 229; Thompson v. Young, Id. 294; Donaldson v. Chambers, 2 Dall. [2 U. S.] 100; Harris v. Mandeville, Id. 256; and a full review of question in East's Reports, ubi supra, 4 Durn. & E. [4 Term. R.] 192, and Cowp. 824. Our case is very different. We claim the benefit of our own laws in our own state. However it may be contended, that the plaintiff never gave his assent to this law, and that therefore his claims should not be affected. It is a sufficient answer to say that he comes voluntarily into your courts to demand justice, and he must be content to receive it according to the regulations which are prescribed to you by the legislative power. In the construction of contracts the lex loci where they are executed is observed, but in applying a remedy for a breach, you must be governed by the laws of the place where the suit is brought.

The counsel then read an extract from 2 Huberus B. tit. 3, pp. 1, 26, translated in [Emory v. Greenough] 3 Dall. [3 U. S.] 370, note, on the effect of contracts made in one country and attempted to be enforced in another; and, on the effect of foreign judgments, Judge Washington's opinion. Croudson v. Leonard [4 Cranch (8 U. S.) 434.] If the principal were to be brought into court in discharge of his bail, he would be entitled to a release on common bail. The effect of this application is no more. It is doing the same thing and waiving an idle and nugatory ceremony.

Before CHASE, Circuit Justice, and HOUSTON, District Judge.

CHASE, Circuit Justice. This is a question about which much diversity of opinion prevails, and I understand that different decisions have been made in the different states. It is a point which is of great consequence to foreign creditors particularly, and therefore it ought to receive a more solemn deliberation than can be had in a mere side-bar motion. The party should have every opportunity to put facts in issue, and courts will generally endeavor to have facts submitted to a jury. A discharge may be obtained in an improper manner. The certificate is not conclusive. It may be inquired into. This very case shows the necessity of inquiring into it. The defendant was bound to give a true list of all his creditors, but we do not find the plaintiff's name among them. Justice requires that the property should be divided among all the creditors; but a foreign creditor is not within the law. He cannot claim a dividend, nor can he even come in to allege fraud in prevention of the discharge. Is it honest, then, that a plaintiff so circumstanced should be precluded from every means of recovering a debt? Let the defendant plead this discharge, if he wish

to rely upon it. I certainly cannot consent to enter an exoneretur.

HOUSTON, District Judge, thought it unnecessary to give any opinion on the effect of the record of the discharge. The proper course would be to bring it before the court under a plea. Upon this ground alone he agreed with the chief justice, to overrule the motion.